## LEEDS & NORTHRUP CO. v. DOBLE ENGINEERING CO.

### No. 4518.

District Court, D. Massachusetts.

July 23, 1941.

For former opinion, see 37 F.Supp. 113.

George K. Woodworth, of Boston, Mass., for plaintiff.

Harrison F. Lyman and Fish, Richardson & Neave, all of Boston, Mass., for defendant.

BREWSTER, District Judge.

This action is for a declaratory judgment. The issues are (1) whether Claim 15 of Doble Patent, U. S. No. 1,945,263, is valid and, if valid, (2) whether plaintiff infringes. A master found the claim valid but that plaintiff did not infringe. The defendant excepted to the master's ruling respecting infringement. The matter came before the court on defendant's exception and, after consideration, an opinion was rendered in which the master's findings of fact were adopted and his rulings affirmed. Leeds & Northrup Company v. Doble Engineering Company, D.C., 37 F.Supp. 113, 117.

At the request of the defendant a rehearing was granted. This memorandum, in order to avoid unnecessary repetition, should be read in connection with the opinion referred to above.

I acknowledge that in certain particulars my earlier opinion needs corrections, or modification. I there stated that the master had found "that the outer shield was the novel feature" of the claim. It would have been more accurate if I had said that he found it to be a vital feature. I also said that I found nothing in the record to compel the conclusion that the true novelty or gist of the invention resided in the "internal charging current shielding system." The defendant may be justified in the criticism that I failed to attach due significance to that feature of his invention. However, it may be noted that according to the file wrapper in evidence, Doble did not belittle the shielding means against external influences as a novel element of his invention.

Again, in my opinion I stated that the rule that a combination may be claimed though its utility depended on other ap-

paratus did not apply "where the situation requires that another element be included by necessary implication in order *to save the* patentability of the claim." The defendant assails this statement as applied to the facts of the case at bar. As a general proposition I make no apologies for it, but there may be implicit in it a ruling that the validity of Claim 15 required the inclusion of the outer shield. If so, it is possible that the statement is not entirely consistent with the master's report.

As appears in the former opinion, the master stated that if the claim was given the scope for which the defendant contended respecting the means for eliminating outside interference it "would in effect give the Defendant a patent for a result, so far as the limitation *'in the field'* is concerned, which is not permissible." This is settled law. Benoit v. Wadley Co., 7 Cir., 54 F.2d 1041, 1044. Later in his report the master points out that the limitations imposed by these words were to be regarded in the consideration of the question of infringement rather than of validity. In dealing with the question of "file wrapper estoppel" the master observed, "He (patentee) cannot escape the effect of such added limitation when seeking to enforce the claim against infringers but acceptance of a narrower claim admits nothing with respect to validity."

I am disposed to accept the master's views but since the only controversy arose over the question of infringement, the limitation was properly regarded, and any misconception of the master's rulings in that regard cannot affect the ultimate conclusion.

There is no occasion to pursue further defendant's criticism of the opinion on file. The master's report has been adopted without modification. It constitutes the record for the case. It is inconceivable that any appellate court would permit any errors, misinterpretations or omissions to include material findings in a written opinion of the trial court to work to the prejudice of an appellant if such error or omission were called to its attention.

With all errors corrected and omissions supplied, I am still of the opinion that the exception should be overruled.

The defendant at the rehearing has argued another point which, as is claimed, was not urged before the master or the court. Cases are cited to the proposition that the introductory clause of a claim is not an element of the combination and does not necessarily limit the claim. W. W. Sly Mfg. Co. v. Russell & Co., 6 Cir., 189 F. 61, 65; Stearns & Co. v. Russell, 6 Cir., 85 F. 218, 224; Ford Motor Co. v. Parks & Bohne, 8 Cir., 21 F.2d 943, 946; Nye Tool & Machine Works v. Crown Die & Tool Co., 7 Cir., 292 F. 851, 853; Langmuir et al. v. DeForest et al., D.C., 18 F. 2d 345.

These cases were all considered and followed by the Court of Customs and Patent Appeal in Braren v. Horner, 47 F.2d 358. That court, however, in its opinion said (47 F.2d at page 364), "It is true, * * that in some cases courts have held that similar introductory words should be considered as limitations. However, we think it may be safely said that in all such cases an examination of the facts disclosed by the record will show that the words thus considered as limitations were an essential element in the novelty of the device and of the invention in issue there."

In Hall v. Shimadzu, 59 F.2d 225, 227, this same court held that the introductory phrase was to be given effect as "essential to point out the invention" involved in that case. For other cases illustrating exceptions to the general rule see, Schram Glass Mfg. Co. v. Homer Brooke Glass Co., 7 Cir., 249 F. 228; Nordberg Mfg. Co. v. Woolery Machine Co., 7 Cir., 79 F. 2d 685; Benoit et al. v. Wadley Co., supra.

In the Schram Glass Mfg. Co. case, 249 F. at page 232, the court observed, "While it is true that this clause [the introductory clause] of itself does not describe an element in the combination, it should not for that reason be ignored. Each of the elements of the combination should be read in the light of this clause and should be modified by it."

At the risk of repetition, I may add that defendant's argument is effectually answered by the paragraph of the report quoted in the opinion (page 116 of 37 F. Supp.) where the master ruled, and the parties agreed, not only that the introductory words "in the field" did import into Claim 15 certain limitations but also what those limitations were. One of the implied limitations was "that the apparatus must have means to eliminate the effect of external electrostatic disturbances on the measuring instruments." The master also

found, and I still maintain it is a finding of fact, "a vital part of the invention" is that the apparatus for use in the field "must have some provision for eliminating the effect of electrostatic disturbances." These rulings and findings are sufficient to bring the case at bar within recognized exceptions to the general rule relating to the effect of an introductory clause.

So far as defendant's arguments are merely a repetition of those presented at the first hearing, they call for no comment except to say that they fail to persuade me that the exception should be sustained. The controlling issue is whether Claim 15 is restricted by the words "in the field", thus avoiding the charge of infringement. The master has found and ruled that the claim was so restricted, and with his conclusion I still agree.

Plaintiff may have the relief as allowed in the opinion filed February 12, 1941.